UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| **JAGEX LIMITED,** <br><br> **PLAINTIFF,** <br><br> v. <br><br> **IMPULSE SOFTWARE,** <br> **ERIC SNELLMAN, and** <br> **MARK SNELLMAN** <br><br> **DEFENDANTS.** | Case No. _____ <br><br><br> **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Jagex Limited ("Jagex"), for its Complaint against Defendants Impulse Software, Eric Snellman, and Mark Snellman ("Defendants") hereby alleges as follows:

### NATURE OF THIS ACTION

1. Jagex seeks injunctive relief, damages, and other related and equitable relief for copyright violations arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*, for violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*, for trademark infringement and for false designation of origin/unfair competition arising under the Trademark Act, 15 U.S.C. § 1051 *et seq.*, and for computer fraud and abuse arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*

### THE PLAINTIFF AND THE RUNESCAPE® GAME

2. Jagex is a corporation organized and existing under the laws of the United Kingdom (UK registered company number 03982706), and has its principal place of business at St. John's Innovation Centre, Cowley Road, Cambridge, CB4 0WS, United Kingdom.

3. Jagex employs approximately 400 staff and is widely recognized as an industry-leading company having been awarded numerous prestigious awards including The Times Top 100 Best Companies award and was named one of the most successful games studios in the world by the trade publication Develop Magazine.

4. Since 2001 Jagex has owned and operated the RuneScape® game at the website www.runescape.com. RuneScape® is a massive multiplayer online game ("MMOG"). The RuneScape® game takes place in a fantasy-themed realm divided into several different kingdoms, regions, and cities. Each region offers different types of enemies, resources, and quests to challenge players. The RuneScape® game is comprised of software (including executable code, artwork, animation, and audio, among other items) ("Software") accessed using a web browser to interact with servers in the United Kingdom, providing a visually stimulating virtual environment through which users interact within the RuneScape® game. A screenshot of RuneScape® is shown below:



5. In 2008 RuneScape® was recognized as the world's most popular free online role-playing game by Guinness World Records, with over 130 million accounts created since the launch of the game in 2001.

6. Jagex offers both a subscription and free-to-play versions of RuneScape®. Players who choose to subscribe to RuneScape® are given access to additional lands, items and skills within the game. Advertisements are also displayed on the RuneScape® homepage. Together, advertising and subscription fees form the core of Jagex's income.

7. Players set their own goals and objectives in RuneScape®. RuneScape® does not follow a linear storyline. Within the game players are represented as customizable avatars, a virtual representation of the player. Players can battle demons and dragons, complete quests, or increase their experience in any of the twenty-four available skills. Players interact with each other through trading, chatting, or by participating in both combative and cooperative minigames and activities.

8. Gaining new experience levels requires a substantial investment of time and effort in playing the game with many players investing many hundreds of hours over a period of months or even years. As of October, 2009, the three highest ranked players have a cumulative total of over 2500 days in game (an average of approximately 20,000 hours each). All RuneScape® avatars represent a significant time, financial and emotional investment on behalf of the player.

9. Prior to being allowed to play RuneScape®, users are required to agree to the Terms and Conditions at http://www.runescape.com/terms/terms.ws, attached as Exhibit A. The Terms and Conditions include the obligation that players follow the "Rules of RuneScape,"

attached as Exhibit B and found at http://www.runescape.com/kbase/guid/rules_of_conduct.  The Rules of RuneScape preclude the use of macros or third-party software:

> You must not use other software to gain an unfair advantage in our games. This includes automation tools, macros, bots, or auto-typers. You may not circumvent any of our mechanisms designed to automatically log out inactive users.
>
> You also must not use any game-specific, third-party software that encourages breaking of our rules, or bypasses the normal navigation of our website, or automatically requests pages from our website, or which endangers user accounts.

10. Any use of the RuneScape® game or Software that is not in accordance with the Terms and Conditions is expressly prohibited.  Among other provisions, the Terms and Conditions state that "YOU WILL BE LIABLE FOR ANY LOSS OR DAMAGE [JAGEX] SUFFER[S] ARISING FROM YOUR BREACH OF THIS AGREEMENT OR MISUSE OF A JAGEX PRODUCT."

11. The provisions of the Terms and Conditions are designed to protect the integrity of the RuneScape ® game by, among other things, preventing players from cheating, and thereby adversely impacting the experience of all users that play fairly.

12. The Terms and Conditions provide commercially reasonable contractual protection of Jagex's rights in and to the RuneScape® game.

**THE DEFENDANTS**

13. Upon information and belief, Defendant Impulse Software ("Impulse") is a partnership organized and existing under the laws of the State of Florida, and has its principal place of business at 675 Hummingbird Drive, Indialantic, Florida, 32903.

14. Upon information and belief, Defendants Eric Snellman and Mark Snellman ("Snellman Brothers") own and operate Impulse as general partners.  Defendants Eric Snellman and Mark Snellman are believed to reside at 675 Hummingbird Drive, Indialantic, Florida,

32903. On information and belief, Impulse is believed to be located at P.O. Box 13347, Gainesville, FL, 32604. On information and belief, Impulse is merely an alter ego of the Snellman Brothers to shield, hide, and conceal the Snellman Brothers' illegal and infringing activities.

15. On information and belief, Defendants have a history and pattern of owning and operating cheating web sites for a variety of massive multiplayer online games, including cheating sites for Diablo 3, Starcarft 2, and RuneScape®, as shown in Exhibits E, H, and K.

16. On information and belief, Defendants are responsible for the development and sale of "Nexus" and "iBot," software programs ("Bot" or "Bots") that enable RuneScape® users to circumvent RuneScape(s) security measures and infringe Jagex's intellectual property rights in its RuneScape® game. Defendants' unauthorized code then enables its users to cheat fellow players by completing in-game tasks and advancing characters with little or no human participation, thereby giving Bot users significant unfair and contractually prohibited advantages over legitimate players.

17. On information and belief, the Bot software downloads a copy of the RuneScape® game client from www.runescape.com just as would a legitimate player using a web browser. Once downloaded the Bot software uses a process called reflection to examine the operation of the RuneScape® client, which is otherwise normally hidden from players. The Bot software then uses this information in conjunction with color sampling techniques to identify objects within RuneScape® that the Bot software wishes to interact with, such as trees, mining spots or monsters.

18. The Bot software is controlled by scripts (a type of software program). Scripts are written by the Defendants to perform specific functions such as woodcutting, mining or

fishing, among other activities. These scripts contain information regarding what objects the Bot software needs to look for and then what it should do with each object once it has found the desired object in RuneScape®. Scripts are also commonly written to operate in a specific location within the RuneScape® MMOG world. For example, one mining script may be written to operate only in the Rimmington mining area within RuneScape® and will contain information specific to that area, while another might only work in the Mining Guild area of RuneScape®.

19. The www.rscheata.net web site provides a large library of such scripts some of which may be freely downloaded by users. Other scripts require either a one-time payment or a recurring subscription before they may be used. These payments are made by users to the authors of the specific script, who may be the same as or different from the developers of the macro on which they run.

20. Via the website rscheata.com, Defendants actively market and promote the Bots with knowledge that they are encouraging and enabling Bot users to breach their contracts with Jagex.

21. Defendants' sell the Bots for various prices between $5/week - $5/month, depending on subscription length. A lifetime subscription is also available for $200. Defendants' actions have unjustly profited Mark Snellman and Eric Snellman while negatively impacting the experience of millions of legitimate RuneScape® gamers and causing significant damage to Jagex, e.g., including but not limited to loss of player revenue due to reduction in the amount of legitimate RuneScape® players who quit when their playing experience was negatively impacted by the defendants' Bots; employee time investigating and addressing user accounts using Bots; employee time responding to complaints from legitimate RuneScape® players regarding others' use of the Bots, and the like.

22. The acts of Defendants constitute direct, contributory and vicarious infringement of registered copyrights in violation of the Copyright Act, as amended, 17 U.S.C. § 501; trafficking in technology designed for the purpose of circumventing copyright protection systems in violation of the Digital Millennium Copyright Act, as amended, 17 U.S.C. § 1201(a)(2) and (b)(1); trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and computer fraud and abuse arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*.

## JURISDICTION AND VENUE

23. This action is for: 1) copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*; 2) circumvention of technological measures under the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq.; 3) trademark infringement and unfair competition arising under the laws of the United States, 15 U.S.C. § 1051 *et seq.*; and 4) computer fraud and abuse arising under the laws of the United States, 18 U.S.C. § 1030 *et seq.*.

24. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a).

25. This Court has personal jurisdiction over Defendants because Defendants have done and are doing business in the state in which this judicial district is located, and within this judicial district. On information and belief, Defendants have committed copyright infringement, trademark infringement, committed computer fraud and abuse, and unfairly competed by virtue of, *inter alia*, Defendants' sales of the accused Bot products identified herein to purchasers in this district.

26. On information and belief, Massachusetts has the fourth largest number of users using Defendants' Bot products in RuneScape® within the United States.

7

27.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a).  Upon information and belief, Defendants are doing business in this district and wrongful acts committed by Defendants have occurred in, and are causing injury to, Jagex in this district.

## COUNT I – COPYRIGHT INFRINGEMENT UNDER FEDERAL LAW

28.     Jagex restates and incorporates by reference each and every allegation set forth in the paragraphs above.

29.     Jagex owns various copyrights in the Software including, but not limited to, copyright registrations VA0001684002 (anvil icon), VA0001683989 (archery icon), VA0001683990 (chisel icon), VA0001683991 (dart icon), VA0001683992 (fire icon), VA0001683993 (fish icon), VA0001683997 (fist icon), VA0001683965 (knight icon), VA0001683964 (leaves icon), VA0001683966 (mask icon), VA0001683970 (pickaxe icon), VA0001683972 (pot icon), VA0001683974 (rune icon), VA0001683977 (shield icon), VA0001683979 (skull icon), VA0001683978 (sword icon), VA0001683980 (tree icon), VA0001683983 (watercan icon), VA0001683984 (wizard icon), VA0001683988 (wolf icon), and VA0001683999 (wood icon), copies of which are attached as Exhibit C.

30.     Defendants have infringed and continue to infringe Jagex's copyright in the Software under, *inter alia,* 17 U.S.C. §§ 102, 106, 113, 501, and 602 by copying, reproducing, making, displaying, importing, selling, and/or distributing the Software in conjunction with selling Defendants' Bots without authorization from Jagex.  When a RuneScape® player uses the Bot software, the player exceeds his or her license under the RuneScape® Terms and Conditions, thereby infringing Jagex's copyright(s).

31. Defendants have contributorily infringed and induced others to infringe Jagex's copyrights in the Software by selling Bots to RuneScape® players which, when used, cause the players to exceed the license provided in the Terms and Conditions associated with the Software.

32. On information and belief, Defendants' infringement has been and continues to be willful.

33. Jagex has been irreparably damaged, and continues to be damaged irreparably, by Defendants' copyright infringement of the Software.

## COUNT II – CIRCUMVENTION OF TECHNOLOGICAL MEASURES UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT

34. Jagex restates and incorporates by reference each and every allegation set forth in the paragraphs above.

35. The RuneScape® game and the Software use Java-based security measures to detect and prevent the use of bot software.

36. Defendants have designed the Bots to circumvent the technological measures implemented in Java, as shown in Exhibit D.  In addition, the Bots' use of reflection techniques and circumvention of private access modifiers on RuneScape® data fields circumvents security measures put in place by Jagex to protect its copyrighted works.

37. Defendants advertise and sell the Bots on various web sites, including www.rscheata.net and www.impsoft.net, copies of which are attached as Exhibits E and F, respectively.

38. Defendants' actions constitute a violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)-(b),  and § 1203.

39. On information and belief, Defendants' acts have been and continue to be willful.

40.     Jagex has been irreparably damaged, and continues to be damaged irreparably, by Defendants' violations of the DMCA.

## COUNT III –TRADEMARK INFRINGEMENT UNDER FEDERAL LAW

41.     Jagex restates and incorporates by reference each and every allegation set forth in the paragraphs above.

42.     Jagex owns Trademark Registration No. 2829952 for RUNESCAPE for, among other things, entertainment services, namely providing an on-line computer game; leisure services, namely entertainment in the nature of providing multi-user computer games via local computer networks, global computer networks and the Internet; electronic games services, namely providing an on-line computer game and providing multi-user computer games via local computer networks, global computer networks and the Internet, in International Class 041, a copy of which is attached as Exhibit G.

43.     In connection with the Bots, Defendants have made false or misleading descriptions of fact and/or false or misleading representations of fact that are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Jagex as to the origin, sponsorship, or approval of Defendants' line of Bot products. For example, Defendants advertise the Bot line of products on a web site named "RUNESCAPE CHEATING ASYLUM" at www.rscheata.net, attached as Exhibit H.

44.     On information and belief, Defendants' web site rscheata.net is enrolled in the Google Ads system, thereby generating substantial revenue based on Defendants' misleading actions.

45. Defendants also own the misleading webmail site runescape.su, a copy of which is attached as Exhibit J.  Defendants are selling email addresses ending in "@runescape.su", causing users to believe that runescape.su is a webmail service offered by Jagex.

46. Defendants knowingly and repeatedly use the RUNESCAPE mark in metatags throughout their web sites, thereby causing users to find Defendants' infringing web sites when users search for "runescape" via a search engine.  Defendants' abuse of the RUNESCAPE mark is intended to deceive or misdirect those who would otherwise be searching for the legitimate services of RuneScape® and Jagex Limited.

47. Defendants' actions constitute trademark infringement and unfair competition under the laws of the United States, 15 U.S.C. § 1051 *et seq.*

48. On information and belief, Defendants' trademark infringement has been and continues to be willful.

49. Jagex has been irreparably damaged, and continues to be damaged irreparably, by Defendants' trademark infringement.

**COUNT IV – COMPUTER FRAUD AND ABUSE UNDER FEDERAL LAW**

50. Jagex restates and incorporates by reference each and every allegation set forth in Paragraphs 1-43.

51. Defendants' actions cause users of RuneScape® to exceed their authorized access of the RuneScape® game and the Software because when the users use the Bot or Bots to cheat in RuneScape®, the users exceed their authorized access as indicated in the Terms and Conditions, as defined in Exhibits A and B.

52. On information and belief, Defendants themselves have knowingly used the Bots to cheat within the RuneScape® game, thereby exceeding their own authorized access to the RuneScape® game and the Software.

53. Defendants' actions intend to defraud Jagex by interfering with legitimate RuneScape® players, thereby causing distress to those plays. As a result, Jagex spends considerable amounts of employee time, computational resources, and money to resolve user complaints, the value of which exceeds $5,000.

54. Defendants' actions constitute computer fraud and abuse under the Computer Fraud and Abuse Act, 18 U.S.C. §1030(a)(4) and § 1030(g).

55. On information and belief, Defendants' computer fraud and abuse has been and continues to be willful.

56. Jagex has been irreparably damaged, and continues to be damaged irreparably, by Defendants' computer fraud and abuse.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the Constitution of the United States of America, Jagex hereby demands a trial by jury on all issues so triable.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff Jagex prays for:

A. Judgment that Defendants (i) willfully infringed Jagex's copyrights in the Software; (ii) willfully circumvented technological measures under the law of the United States; (iii) willfully engaged in trademark infringement under the law of the United States; and (iv) willfully committed computer fraud and abuse under the law of the United States.

B.  A preliminary and permanent injunction against further infringement of Jagex's copyrights in the Software by Defendants, their agents, servants, employees, officers, directors, affiliates, attorneys, assigns, and all others in active concert or participation with them or otherwise controlled by them.

C.  An order requiring Defendants, their agents, servants, employees, officers, directors, affiliates, attorneys, assigns, and all others in active concert or participation with them or otherwise controlled by them, as well as any others that may become aware of the enjoinment ordered by the Court, to forfeit for destruction all devices, products, components, and any materials of any type containing the Software, used to infringe the Software and any works derived from or copied from the Software as well as all implements, devices, or equipment used in the manufacture of the infringing copies of the Software, and including but not limited to all domain names owned by Defendants.

D.  A preliminary and permanent injunction prohibiting Defendants from further contact or communication with Jagex's customers regarding the Software in order to prevent any further interference with Jagex's legal rights.

E.  An award of Defendants' profits and damages sustained by Jagex as a result of Defendants' copyright infringement, DMCA violations, trademark infringement, and computer fraud and abuse.

F.  An award of (i) the costs of this action, and (ii) Jagex' reasonable attorneys' fees, pursuant at least to 15 U.S.C. § 1117(a).

G.  The recovery of all pre-judgment and post-judgment interest on each and every award.

H.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 9, 2010          By: _____

Peter McDermott (BBO No. 330760)
**BANNER & WITCOFF, LTD.**
28 State Street, Suite 1800
Boston, MA 02109-1705
Telephone: (617) 720-9600
Facsimile: (617) 720-9601

Ross Dannenberg
Christopher Roth
**BANNER & WITCOFF, LTD.**
1100 13th Street, NW
Suite 1200
Washington, DC 20005
Telephone: (202) 824-3000
Facsimile: (202) 824-3001

**Attorneys for Plaintiff,
Jagex Limited**