United States District Court
District of Massachusetts

```
_____
                              )
JAGEX LIMITED,                )
     Plaintiff,               )
                              )
     v.                       )    Civil Action No.
                              )    10-10216-NMG
IMPULSE SOFTWARE, ERIC SNELLMAN, )
and MARK SNELLMAN,            )
     Defendants.              )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Jagex Limited ("Jagex"), the owner of the massive multi-player online game Runescape, brings suit against Eric Snellman and Mark Snellman ("the Snellman brothers") and Impulse Software (collectively "the defendants") for, <u>inter</u> <u>alia</u>, copyright and trademark infringement. The parties are currently embroiled in discovery disputes. Pending before the Court are plaintiff's motions for a protective order and an extension of time and defendants' motion for an order directing plaintiff to withdraw subpoenas.

I. **Motion for Protective Order**

For good cause shown, the Court may enter a protective order to prohibit or limit discovery from any person from whom discovery is sought, including requiring that a "trade secret" or other confidential information be revealed in a specified way. Fed. R. Civ. P. 26(c). The burden of demonstrating good cause

-1-

rests on the proponent of the protective order.  <u>Pub. Citizen</u> v. <u>Liggett Grp., Inc.</u>, 858 F.2d 775, 789 (1st Cir.1988).  The Court has "broad discretion" to decide "when a protective order is appropriate and what degree of protection is required."  <u>Poliquin</u> v. <u>Garden Way, Inc.</u>, 989 F.2d 527, 532 (1st Cir. 1993) (quoting <u>Seattle Times Co.</u> v. <u>Rhinehart</u>, 467 U.S. 20, 36 (1984)).

The parties agree that a protective order is appropriate in this case, particularly to protect source code.  Indeed, source code may constitute a trade secret where it is not easily copied or ascertainable by inspection of the program.  See <u>LinkCo, Inc.</u> v. <u>Fujitsu Ltd.</u>, 230 F. Supp. 2d 492, 499 (S.D.N.Y. 2002) (citations omitted).

The parties have not, however, been able to agree on several crucial details, primarily 1) the location where the source code will be made available for inspection and 2) the length of advance notice required to view that code.  Plaintiff's proposed protective order would require source code produced by any party to be made available, upon advance notice of seven days, for unlimited inspection on a secure, non-networked computer in the District of Massachusetts at outside counsel's office for the producing party.

Defendants contend that the requirements proposed by plaintiff place undue burden and expense on defendants because defendants' lead counsel are located in Florida (whereas

plaintiff's proposed order limits the location of access to the source code to either the United Kingdom or the District of Massachusetts). They also suggest that "one week's notice is nonsensical". By contrast, defendants' proposed order would require the source code to be made available, upon four hours advance notice, at a location that is reasonably convenient to the offices of the lead counsel of the receiving party's outside litigation counsel. Defendants are also concerned about alterations to the source code and would require the producing party to deposit an identical copy of the source code in its original form with the Court on a hard drive.

Because both plaintiff and defendant have counsel in the District of Massachusetts, providing access within this district is reasonable. Requiring defendants' counsel to go to the United Kingdom to view the source code, however, constitutes an unreasonable burden, especially because plaintiff chose to file suit in Massachusetts. The seven day advance notice required for the "initial inspection" is reasonable in light of the necessity of foreign travel but is unnecessary for subsequent inspections. Three day's notice for such inspections is reasonable.

The Court finds defendants' request that the producing party deposit an identical copy of the source code with the Court is appropriate under these unusual circumstances. In that regard, the Court will enter a protective order that incorporates the

defendants' version of such an order at ¶ 27m, page 23 of their proposed protective order attached to their Memorandum (Docket No. 45, Exhibit E).  The mini-hard drive will be filed under seal pursuant to Local Rule 7.2 and, during the course of the litigation, will remain under seal.  Within 30 days after Judgment has entered, the producing party shall retrieve its mini-hard drive from the Court, in default of which the mini-hard drive may become part of the public record.

In sum, after weighing the parties' concerns, the Court has determined that a protective order is warranted but, because portions of plaintiff's proposed protective order are unreasonable, its motion will be allowed, in part, and denied, in part.  The parties shall, on or before April 15, 2011, jointly submit a revised protective order in accordance with this ruling.

## II. Plaintiff's Motion for Extension of Time and Defendants' Motion for an Order Directing Plaintiff to Withdraw Subpoenas

On January 31, 2011, plaintiff moved for an enlargement of time 1) from January 31, 2011, until February 28, 2011, for the parties to amend the pleadings and join additional parties and 2) from December 31, 2010, until June 8, 2011, for the parties to serve written discovery, which defendants opposed for failure to show good cause.  The parties blame each other for the delay in the proceedings and accuse each other of making misrepresentations to the Court.

Although plaintiff moved for an extension of time after the deadline to serve written discovery had passed, the Court will, nevertheless, allow that motion. Because the parties are entangled in a fracas over the details of the protective order, neither party is without blame for the delay in the proceedings, including the production of the requested discovery.

Because the Court will allow an extension of time to serve written discovery, defendants' motion for an order directing plaintiff to withdraw its subpoenas served outside the time period provided for serving written discovery will be denied as moot. Jagex shall withdraw the subpoenas at issue and re-serve them in accordance with the new discovery deadlines and in compliance with all applicable rules, including Fed. R. Civ. P. 45(b)(1).

### ORDER

In accordance with the foregoing,

1) plaintiff's Motion for Protective Order (Docket No. 43) is **ALLOWED**, in part, and **DENIED**, in part, as more fully described in the Memorandum above;

2) defendants' Amended Motion for Order Directing Plaintiff to Withdraw Subpoenas (Docket No. 49) is **DENIED as moot;** and

3) plaintiff's Motion for Extension of Time to Complete Discovery (Docket No. 51) is **ALLOWED.**

The parties are hereby directed jointly to submit a revised protective order on or before April 15, 2011, in accordance with the Court's ruling outlined in the Memorandum.

-5-

Furthermore, the Court's Scheduling Order dated October 1, 2010, is hereby modified as follows:

1) written discovery will be served on or before April 15, 2011, and answered on or before May 15, 2011;

2) amendments and/or supplements to the pleadings will be filed on or before April 30, 2011; and

3) fact discovery will be completed by July 31, 2011.

All other deadlines remain unchanged.

**So ordered.**

                                                              /s/ Nathaniel M. Gorton
                                                              Nathaniel M. Gorton
                                                              United States District Judge

Dated March 30, 2011