United States District Court
District of Massachusetts

```
_____
                                 )
JAGEX LIMITED,                   )
        Plaintiff,               )
                                 )
     v.                          )   Civil Action No.
                                 )   10-10216-NMG
IMPULSE SOFTWARE, ERIC SNELLMAN, )
and MARK SNELLMAN,               )
        Defendants.              )
                                 )
_____)
```

MEMORANDUM AND ORDER

GORTON, J.

Jagex Limited ("Jagex"), the owner of the massive multi-player online game Runescape, brings suit against Eric Snellman and Mark Snellman ("the Snellman brothers") and Impulse Software (collectively "the defendants") for, <u>inter alia</u>, copyright and trademark infringement. Pending before the Court is defendants' emergency motion for sanctions.

I. Background

This case was filed in February, 2010. After the Court denied defendants' motion to dismiss and motion for preliminary injunction, the parties proceeded with discovery. On June 28, 2011, Jagex filed a separate lawsuit against its customers who use cheatbots (the sellers of which are the defendants in this action) in the Central District of California ("the California litigation"). On July 6, 2011, that court upheld Jagex's subpoena to PayPal, a third-party, for the personal information

-1-

(names, addresses, phone numbers, credit card numbers, etc.) of cheatbot purchasers. On that same day, Jagex informed those customers that if they did not discontinue using cheatbots, they could be banned from the site and/or sued for copyright infringement. The above customer information, as it relates to this case, is covered by the protective order approved by this Court and marked "Confidential - Outside Attorney's Eyes Only."

## II. Legal Analysis

Defendants assert that plaintiffs violated the protective order in this case by filing a subpoena seeking defendants' customer information in the California litigation. They go on to claim that if plaintiffs had an issue with the Court's protective order, plaintiffs should have brought it to the Court's attention, not purloined such information by filing another lawsuit in a more amenable forum. Defendants implore the Court to step in immediately to prevent their business failure.

The two cases upon which defendants rely to support their argument are inapposite to our situation. In <u>Eli Lilly & Co.</u> v. <u>Gottstein</u>, 617 F.3d 186, 189-94 (2d Cir. 2010), plaintiffs' expert witness conspired with an outside attorney to disseminate confidential information subject to a protective order. Knowing that the protective order prevented the expert witness from directly disseminating the information, the attorney intervened in an unrelated case and successfully subpoenaed the information

from the expert witness, who willingly provided it to the media. Id. In Mick Haig Prod., e.K. v. Does, No. 3:10-CV-1900-N, 2011 WL 5104095, at *2-*3 (N.D. Tex. Sept. 09, 2011), plaintiff's counsel subpoenaed Internet Service Providers to obtain protected information in direct contravention of the Court's discovery order which expressly directed him not to do so.

This case is readily distinguishable. First, unlike the subpoena in Mick Haig, the subpoena in the California litigation did not violate any provision of the protective order in this case. Second, unlike the reporter in Eli Lilly who did not have an interest in the unrelated case and who intervened for the sole purpose of obtaining the subpoena, Jagex was legally entitled to bring suit in California against its customers who allegedly violated the Digital Millennium Copyright Act ("DMCA"). The suit is pending and, contrary to defendants' contention, there is no indication that it is a sham proceeding initiated for the sole purpose of serving the subject subpoena. Indeed, unlike the subpoenaed information in Eli Lilly which was irrelevant to the unrelated litigation, the subpoenaed information in the California litigation is directly relevant because it identifies the Jagex customers who allegedly used cheatbots to violate the DMCA. Without that information, Jagex would have been unable to name individual defendants in the suit. Finally, unlike the subpoenas in Eli Lilly which were without legal force when they were served,

the subpoenas in the California litigation were authorized by a federal judge and properly served upon a third party.

The use by Jagex of a third-party's court-ordered production in an entirely separate action against different defendants is neither an abuse of the subpoena power nor a violation of the protective order entered in this case. That protective order 1) is expressly limited to this case, 2) does not apply to the California litigation and 3) does not preclude the disclosure of otherwise available information. In granting the subpoena, the California federal court found that Jagex was legally entitled <u>in that case</u> to subpoena PayPal to obtain the identity of its allegedly infringing customers. The protective order <u>in this case</u> does not preclude such discovery.

The dire consequences predicted by defendants may transpire but there are no legitimate grounds upon which this Court is authorized to forestall them.

### Order

In accordance with the foregoing, defendants' emergency motion for sanctions (Docket No. 82) is **DENIED**.

**So ordered.**

*/s/ Nathaniel M. Gorton*
Nathaniel M. Gorton
United States District Judge

Dated November 2, 2011