## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## BOSTON DIVISION

**JAGEX LIMITED,**

        **Plaintiff,**

                                  **CASE NO:  1:10-CV-10216**

**v.**


**IMPULSE SOFTWARE, ERIC
SNELLMAN and MARK
SNELLMAN,**

        **Defendants.**

_____/

### DEFENDANTS' AMENDED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Terry M. Sanks, Esquire and Amber N. Davis, Esq. of the law firm of Beusse Wolter Sanks Mora & Maire, P.A., along with Ieuan G. Mahony, Esq. of the law firm of Holland & Knight LLP as counsel for the Defendants, ERIC SNELLMAN, MARK SNELLMAN and IMPULSE SOFTWARE request, pursuant to Rule  85.5.2(c) of the Local Rules of this Court (hereinafter Local Rule 85.5.2(c)), entry of an Order granting leave to withdraw as attorneys of record for the Defendants, and as grounds therefore state:

1.      The undersigned attorneys, Terry M. Sanks, Esq. and Amber N. Davis, Esq. were directed by the Defendants to cease working on this case on November 3, 2011 until further notice, including having all third party vendors to cease all work as well.  Following the November 3, 2011 conference call, the undersigned attorneys attempted to contact Defendants to discuss this case and the steps for moving forward on numerous occasions.  On Wednesday, November 16, 2011, the undersigned informed Defendants of their intent to withdraw from the case.

2.      Discovery in this action is on-going and the parties are currently coordinating dates for depositions and further production of Defendants' websites in a different form than previously provided to Plaintiff's counsel.   The forms previously provided was as a sequel database, which is how Defendants keep the websites in the ordinary course of business.   The cost for producing the website in that form was close to $100,000.   Plaintiff's attorneys claimed that the form in which the websites were produced was not readable.   Defendants' also provided Plaintiff's counsel actual access to Defendants' live websites.   Plaintiff's attorneys then requested that the websites be produced in an alternative form.   The additional cost for producing the websites in the form requested by Plaintiff is $1400.00 per website.   Though Defendants requested Plaintiff to pay for this cost, Plaintiff has refused, instead threatening to pursue sanctions against Defendants.   Because Defendants have instructed the undersigned attorneys and third party vendors to stop working on this case and the undersigned does not have the funds in Defendants' trust account to pay for the production, at Defendants' direction, no further electronic discovery production is occurring.   The undersigned has, however, instructed Defendants of its obligation to produce the websites to Plaintiff.

3.      Currently, there are no depositions scheduled in this case.  After the Court's Order on October 14, 2011, the parties agreed to postpone the previously scheduled depositions and push all depositions to December and January.  The week following the October 14th Order, counsel for Defendants expressed an interest in taking the depositions of Plaintiff's corporate representatives and employees the week of December 5th – 9th continuing until the 12th.   Counsel for Defendants followed-up with counsel for Plaintiff on numerous occasions via email and phone, but counsel for Plaintiff has yet to confirm whether its witnesses are available.  Plaintiff has also requested for dates that Defendants are available for deposition.   Because the

undersigned has been terminated as counsel by Defendants, Plaintiff's counsel will now have to contact Defendants personally to set up their depositions.  It was previously relayed to Plaintiff's counsel, however, via phone in late October and yesterday, November 17, 2011 that Defendants would be generally available the month of January.

4.      Currently, there are also no Motions pending before this Court.[1]

5.      Defendants, ERIC SNELLMAN and MARK SNELLMAN currently owe significant fees and costs to both the undersigned and third party vendors.  Defendants are aware of future costs that are required to continue litigating this matter as well.  Defendants are currently unable or unwilling to pay the amounts owed or any fees and costs moving forward at this time.

6.      Should the undersigned attorneys not be allowed to withdraw, the unreasonable financial burden currently on the undersigned attorneys will be significantly increased by having to remain in this case when the fees and costs going forward (in addition to what is currently owed) will significantly exceed what Defendants have paid to date.  The undersigned attorneys should not be required to continue representing Defendants without being paid for the current amount owed along with the future fees and costs associated with the taking and defending of depositions, responding to Motions for Summary Judgment, Motions in Limine, pre-trial preparations, jury instructions and trial.  Especially in light of the fact that depositions are to occur in the United Kingdom and although Plaintiff has agreed to pay for Plaintiff's counsels flights, Plaintiff's counsel, on its own, would be required to pay for other travel expenses, including the hotel and the costs associated with the Court Reporters and Videographers.  *See* Mass. R. Prof. C. 1.16(b)(5).

---

[1] The undersigned are aware that Plaintiff may soon file a motion for violation of the Protective Order and await direction from their clients.

7.      Finally, other good cause for withdrawal exists pursuant to Mass. R. Prof. C. 1.16(b)(6) in that there are irreconcilable differences with Defendants that have arisen which preclude the undersigned from continuing to represent Defendants.  These differences have resulted in a disagreement on litigation strategy and Defendants not being responsive to the undersigned's efforts to communicate with them regarding matters relevant to the case.  As such, Defendants have not consented to the undersigned counsel withdrawing.

8.      Once releasing the undersigned, Defendants, ERIC SNELLMAN, MARK SNELLMAN and IMPULSE SOFTWARE (**IMPULSE SOFTWARE is not a legal entity and is simply a name under which ERIC SNELLMAN and MARK SNELLMAN did business**) should be granted a reasonable period of time in which to decide whether to obtain new counsel and to review any and all documents produced by Plaintiff, which their counsel previously reviewed.  Therefore, all deadlines should be extended by at least thirty (30) days.

9.      Defendants are desirous to conclude this litigation.  Towards this end, since this Court's November 2, 2011 Order, at Defendants' request there have been an offer and counter-offer of settlement, but the Parties have been unable to agree.  Defendants request that this Court order the parties to mediation in front of a Magistrate Judge (as suggested by the Court during the October 1, 2010 Case Management Conference) within 30 days since the parties had previously agreed to conduct mediation in their Joint Case Management Report, ¶ 4.  A true and correct copy of the Joint Case Management Report is attached hereto as Exhibit A illustrating that the parties agreed to mediation.

10.      The undersigned certifies that this motion is not being filed for the purpose of delay.

11.     Pursuant to Rule 85.5.2(c) of the Local Rules of this Court because Defendants have not retained counsel as of yet, the undersigned attorneys are seeking leave from this Court to withdraw as counsel.

## MEMORANDUM OF LAW

Pursuant to Local Rule 85.5.2(c), "An attorney may withdraw from a case by serving notice of withdrawal on his client and all other parties and filing the notice, provided that (1) such notice is preceded or accompanied by notice of the appearance of other counsel; (2) there are no motions pending before the court; (3) no trial date has been set; and (4) no hearings or conference are scheduled, and no reports, oral or written, are due.  Unless these conditions are met, an attorney (including one whose services have been terminated by his client) may withdraw from a case only by leave of court."  In the instant case, not all of the above conditions are met which is why this Motion is being filed.  The conditions that have been met, however, are that there are no motions pending before this court and there are no hearings or conferences that are scheduled and no reports, oral or written that are due.  Although Trial has been set for May 7, 2012 at 9:00 a.m. and no notice of appearance by other counsel has been filed, trial is still over five (5) months away and Defendants are both individuals, not a corporate entity and therefore they do not require representation by counsel.

Massachusetts Disciplinary Rule 2-110(A)(2) states that a "lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules." Mass. R. Disciplinary P. 2-110(A)(2). After Defendants' directions for the undersigned and all third party vendors to stop work, reasonable

notice was given to Defendants that the undersigned are seeking withdrawal as counsel. The undersigned should not be required to remain in the case until new counsel is employed because Defendants are individuals and new counsel is not required under the case law.[2]   Finally, the undersigned will return any and all papers and property to the client immediately upon the granting of this Motion and the undersigned has in fact complied with all applicable laws and rules as required.

In cases where permissive withdrawal is sought, "the grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court." *Hammond v. T.J. Little & Co.,* 809 F. Supp. 156, 159 (D. Mass. 1992) (citing *Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 135 (1st Cir. 1985).   As discussed above, Defendants owe the undersigned and a number of third party vendors fees and costs which Defendants are not currently paying. Courts have long recognized that the client's failure to pay attorney's fees is a valid reason for granting a motion to withdraw. *See Boucher v. Sears,* 1995 U.S. Dist. LEXIS 6505, * 43 (N.D.N.Y. 1995) (citing *Nat'l Survival Games,* 1994 U.S. Dist. LEXIS 16572, 1994 WL 660533 at *3 (granting leave to withdraw where party deliberately disregarded obligation to pay attorney's fees and fails to cooperate with attorneys); *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990) (withdrawal permitted where "clients deliberately disregarded fee arrangements"); *Farr Man Coffee, Inc. v. M/S Bernhard S*, No. 87 CIV. 1267, 1989 U.S. Dist. LEXIS 2988, 1989 WL 31529, at *1 (S.D.N.Y. March 28, 1989) (refusal to pay attorney sufficient reason to allow withdrawal); *Boyle v. Revici, M.D.*, No. 83 CIV. 8997, 1987 U.S. Dist. LEXIS 11541, 1987 WL 28707, at *1 (S.D.N.Y. Dec. 16, 1987) (failure to pay $25,000 attorney's fees owed for several months indicates deliberate disregard of obligation to pay fees,

---

[2] Should the Court order mediation, the undersigned is willing to remain in the case solely to assist Defendants with mediation and nothing more.

and justifies withdrawal); *Statue of Liberty v. Int'l United Indus., Inc.*, 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (withdrawal granted where client fails to cooperate in litigation and fails to pay attorney's fees).

More specifically, the First Circuit recognizes an attorney's right to seek the court's permission to withdraw when a client "deliberately disregards an agreement or obligations to the lawyer as to expenses or fees."  *See Hammond,* 809 F. Supp at 160.  In *Hammond*, the Court concluded that the failure to pay over an extended period of time is considered a deliberate disregarding of an agreement or obligation to the lawyer as to expenses or fees as the phrase is used in DR 2-110(C)(1)(f).  *See also Rubin v. Smith,* 1994 U.S. Dist. LEXIS 18425, *5 (D. New Hampshire 1994) (It was not clearly erroneous or contrary to law for Defendant's attorney's motion to withdraw as counsel to be granted when defendant failed to meet her financial obligations to counsel and the relationship between counsel and Defendants was irretrievably broken).  In the instant case, Defendants owe the undersigned and a number of third party vendors a large sum of money and Defendants are not paying the fees and costs currently owed as well as any and all fees and costs moving forward at this time.

As discussed above at paragraph 7, it would be an unreasonable financial burden on the undersigned to be required to continue to represent Defendants when (1) the undersigned and third party vendors are owed a substantial amount in fees and costs (2) Defendants are not paying the current fees and costs owed or any fees or costs moving forward at this time; and (3) the undersigned would be responsible for all costs moving forward as well as be required to work without compensation for over the next five (5) months.

Subsequent to the undersigned attorneys being discharged by the Defendants (the stop work directive given by Defendants), the undersigned sent the Defendants a letter reminding the

Defendants of their obligations to the Court and to cooperate in the discovery process. Therefore, the undersigned should not be required to continue to represent Defendants considering the fact that (1) Defendants owe the undersigned and a number of third party vendors a substantial sum; (2) Defendant are not paying the outstanding bills or any fees or costs moving forward at this time; (3) The undersigned would be required to pay costs moving forward and work without compensation; (4) Defendants are INDIVIDUALS who can continue *pro se*; (5) the undersigned has met its professional and legal obligations of explaining to Defendants their obligations moving forward; (6) there is a disagreement on litigation strategy and Defendants are not being responsive to the undersigned's efforts to communicate with them regarding matters relevant to the case; and (6) trial is still over five (5) months away which gives Defendants sufficient time to either retain new counsel, mediate the case or be prepared for trial should this case go to trial.

## **CERTIFICATE OF GOOD FAITH**

Counsel for Defendants have conferred in good faith pursuant to local rule 7.1(A)(2) with counsel for Plaintiff in a good father attempt to resolve or narrow the issues presented in the foregoing motion.  The parties have been unable to resolve this matter.

**WHEREFORE**, the undersigned respectfully requests that this Court enter an order:

a. granting leave to withdraw and absolving Terry M. Sanks, Esquire, Amber N. Davis, Esquire, Ieuan G. Mahony, Esquire and  the law firms of Beusse Wolter Sanks Mora & Maire, P.A. and Holland & Knight LLP of further responsibility for the representation of Defendants ERIC SNELLMAN, MARK SNELLMAN and IMPULSE SOFTWARE in the instant action;

b.      granting Defendants thirty (30) days or such other reasonable period of

time in which to contemplate retaining new counsel;

c.      ordering mediation before a Magistrate Judge within 30 days;

d.      extending any pending deadlines accordingly;

e.      directing that all further correspondence and pleadings be directed to

ERIC  SNELLMAN  and  MARK  SNELLMAN  at  the  address  of  3012  Bellwind  Circle,

Rockledge, Florida 32955; and

f.      for such other and further relief as this Court deems just

and proper.

Dated this 18th day of November, 2011.

Respectfully submitted,
IMPULSE SOFTWARE, et al
By its attorneys,

/s/ Terry M. Sanks
BEUSSE WOLTER SANKS MORA & MAIRE, P.A.
Terry M. Sanks (Florida Bar No. 0154430)
Amber Davis (Florida Bar No. 0026628)
390 North Orange Avenue, Suite 2500
Orlando, Florida  32801
Telephone: (407) 926-7700
Facsimile: (407) 926-7720
tsanks@iplawfl.com
adavis@iplawfl.com
Lead Counsel to Defendants

-And-

HOLLAND & KNIGHT LLP
Ieuan G. Mahony (BBO #552349)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700
ieuan.mahony@hklaw.com
Local Counsel to defendants

**<u>CERTIFICATE OF SERVICE</u>**

I Hereby Certify that a true and correct copy of the foregoing was served via the ECF system on the 18th day of November, 2011, by utilizing the CM ECF System which will serve via E-mail a copy of the foregoing upon the following interested parties: Timothy Meece, Esquire (tmeece@bannerwitcoff.com);  Christopher  Roth,  Esquire,  (croth@bannerwitcoff.com);  Peter McDermott,  Esquire,  (pmcdermott@bannerwitcoff.com);  Ross  Alan  Dannenberg,  Esquire, (rdannenberg@bannerwitcoff.com); and Erin E. Bryan,  (ebryan@bannerwitcoff.com); Banner & Witcoff, Ltd., 1100 13th Street, N.W., Suite 1200, Washington, D.C., 20005-4051.

/s/ Terry M. Sanks
Attorney