# EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| JAGEX LIMITED, | ) | |
| | ) | Case No. 1:10-cv-10216 |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IMPULSE SOFTWARE, | ) | |
| ERIC SNELLMAN, and | ) | |
| MARK SNELLMAN | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

Terry M. Sanks, Esquire and Amber N. Davis, Esq. of the law firm of Beusse Wolter Sanks Mora & Maire, P.A., along with Ieuan G. Mahony, Esq. of the law firm of Holland & Knight LLP as counsel for the Defendants, ERIC SNELLMAN, MARK SNELLMAN and IMPULSE SOFTWARE hereby request leave pursuant to Local Rule 7.1(b)(3) hereby file their Reply to Plaintiff's Opposition to Defendants' Motion for Leave to Withdraw as Counsel.

Plaintiff cites to *Hasbro, Inc. v. Serafina, et. Al*, 966 F. Supp. 108, 111 (D. Mass. 1997) and *The Walman Optical Co. v. Quest Optical, Inc.*, Case No. 11-cv-00096, November 15, 2011, for the proposition that Courts have declined to allow counsel to withdraw for lack of fee payment. What Plaintiff failed to mention, however, is that in **both cases,** the attorneys that were attempting to withdraw were representing **corporations not individuals**. The undersigned attorneys are well aware of this Court's Local Rule 83.5.2(d) which states that "the court will not recognize the appearance of a firm or professional corporation unless it is accompanied by the appearance of at least one (1) attorney." *See* Local Rule 83.5.2(d). In the instant case, however,

ERIC and MARK SNELLMAN are both individuals and IMPULSE SOFTARE is not a legal entity. Therefore, there is no obligation for an attorney to represent Defendants. Moreover, further review of the *The Walman Optical* case indicates that *The Walman Optical* is actually a favorable case for the undersigned. As seen at page 4 of the Order, *The Walman Optical* cited to *Miracle-Ear, Inc. v. South Georgia Hearing, Inc.*, Civ. No. 10-4815 (JNE/AJB), 2011 WL 1827418 (D. Minn. May 12, 2011) as a case where withdrawal was appropriate. In *Miracle-Ear* counsel was allowed to withdraw because the client had become defunct without any assets and resources and had instructed their attorney to take no action to defend. *Id.* at *1.

In the instant case, as discussed at page 1 of Defendant's Motion to Withdraw as Counsel, the undersigned attorneys, experts, and e-discovery providers have in fact been instructed to STOP WORKING ON THIS CASE. Even though the documents are being requested by Plaintiff in a form not ordinarily kept by Defendants, this fully explains why documents in the form requested by Plaintiff have not been produced. Furthermore, without violating any privileges, the continued breakdown in communication between the undersigned and Defendants makes withdrawal appropriate in the instant case since the undersigned's legal recommendations are being disregarded.

As for mediation, the parties had previously discussed/agreed to conduct mediation during the same week that Defendants' depositions were taken in Orlando, Florida. Defendants are only now asking that mediation occur sooner than the week of their depositions (which are yet to be rescheduled), and before a magistrate judge. If Jagex is truly open to private mediation between the parties, the undersigned submits that Jagex rejecting a magistrate judge only because the mediator is not a private mediator is without merit.

Finally, with respect to Plaintiff's argument that Defense counsel will be turning over source code or other highly confidential documents to Defendants, it was not our intent to suggest that we would be turning over such confidential documents. The only documents that would be turned over to Defendants would be those eligible to be turned over pursuant to the terms of the protective order.

WHEREFORE, the undersigned attorneys respectfully request the relief request that this Court enter an order in accordance with the relief requested in the undersigned Motion to Withdraw as Counsel [Dkt. No. 93] filed on November 18, 2011.

### CERTIFICATE UNDER LOCAL RULE 7.1(A)(2)

I certify that counsel for Defendants conferred with counsel for Plaintiff and Plaintiff does not oppose the contents of the Motion.

Dated this 29th day of November, 2011.

Respectfully submitted,

IMPULSE SOFTWARE, et al
By its attorneys,

/s/ Terry M. Sanks
BEUSSE WOLTER SANKS MORA & MAIRE, P.A.
Terry M. Sanks (Florida Bar No. 0154430)
Amber N. Davis (Florida Bar No. 0026628)
390 North Orange Avenue, Suite 2500
Orlando, Florida 32801
Telephone: (407) 926-7700
Facsimile: (407) 926-7720
tsanks@iplawfl.com
adavis@iplawfl.com
Lead Counsel to Defendants

-And-

HOLLAND & KNIGHT LLP
Ieuan G. Mahony (BBO #552349)

HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700
ieuan.mahony@hklaw.com
Local Counsel to Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court on the 29th day of November, 2011, by utilizing the CM ECF System which will serve a copy of the foregoing via E-mail upon the following interested parties: Christopher Roth, Esquire, (croth@bannerwitcoff.com); Peter McDermott, Esquire, (pmcdermott@bannerwitcoff.com); Ross Alan Dannenberg, Esquire, (rdannenberg@bannerwitcoff.com); Erin E. Bryan, (ebryan@bannerwitcoff.com); Timothy Meece, (tmeece@bannerwitcoff.com); and V. Bryan Medlock, (bmedlock@bannerwitcoff.com); Banner & Witcoff, Ltd., 1100 13th Street, N.W., Suite 1200, Washington, D.C., 20005-4051.

/s/ Terry M. Sanks
Attorney