UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| JAGEX LIMITED,<br><br>      PLAINTIFF,<br><br>    v.<br><br>IMPULSE SOFTWARE,<br>ERIC SNELLMAN, and<br>MARK SNELLMAN<br><br>      DEFENDANTS. | Case No. 1:10-cv-10216-NMG |

**STIPULATED PERMANENT INJUNCTION, CONSENT JUDGMENT,
AND DISMISSAL WITH PREJUDICE**

This matter is before the Court on the stipulated motion of Plaintiff, Jagex Limited ("Jagex"), and Defendants, Impulse Software, Eric Snellman, and Mark Snellman (individually and collectively "Defendants"), for entry of a Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED as follows**:

    1.    Judgment is entered in Jagex's favor and against Defendants on Count I of the First Amended Complaint – Copyright Infringement Under Federal Law.

    2.    Judgment is entered in Jagex's favor and against Defendants on Count II of the First Amended Complaint – Circumvention of Technological Measures Under the Digital Millennium Copyright Act ("DMCA").

3. Judgment is entered in Jagex's favor and against Defendants on Count III of the First Amended Complaint – Trademark Infringement Under Federal Law.

4. Judgment is entered in Jagex's favor and against Defendants on Count IV of the First Amended Complaint – Computer Fraud and Abuse Under Federal Law.

5. Judgment is entered in Jagex's favor and against Defendants on Count V of the First Amended Complaint – Tortious Interference with Contract.

6. This Court permanently enjoins Defendants and those persons or companies in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise from:

    i. Circumventing under the DMCA of any game owned, developed, or published by Jagex, now or in the future ("Jagex Game");

    ii. Trafficking under the DMCA regarding any Jagex Game;

    iii. Botting in any Jagex Game;

    iv. Attempting to reverse engineer or circumvent any protective measure(s) in any Jagex Game;

    v. Providing any assistance or instructions to anyone attempting to reverse engineer or circumvent any protective measure(s) in any Jagex Game;

    vi. Interfering in Jagex's contractual relations with users of any Jagex Game, including restricting the Defendants from performing software development, sales, consulting, or having involvement in any way with any software that interacts with any Jagex Game;

    vii.   Playing any Jagex Game;

    viii.   Creating, maintaining, assisting, or providing any advice or technical instruction to any third party with respect to any Jagex Game including, but not limited to, any software development, code release, website development or maintenance, botting, cheating, gold farming or otherwise violating any Terms of Service for any Jagex Game;

    ix.   Publicly disclosing, or disclosing to any party, any portion of the source code for any of Defendants' bots; and

    x.   Making any written or oral statement(s), comment(s), press release(s), or Internet post(s) referring or relating to this litigation, this Order, RuneScape, Jagex, or responding to anything Jagex states or discloses in the future regarding Defendants or any of the foregoing.

7.    Defendants hereby transfer and agree to transfer to Jagex ownership of all domain names owned by Defendants including, but not limited to, http://www.rscheata.net, http://www.impsoft.net, and http://www.oembots.com. Defendants are ordered to take all steps necessary to effectuate this transfer.

8.    Defendants shall transfer to Jagex—within 10 days of entry of this Order—any and all document(s), writing(s), or recording(s) as defined under Fed. R. Civ. P. 34(a) or Fed. R. Evid. 1001 that relate to Defendants' bots including, but not limited to, source code, scripts, development documents, manuals, instructions, and copies of any of the foregoing.

9.   After transfer to Jagex of the document(s), writing(s), or recording(s) required in Paragraph 8, Defendants shall, within 10 days of entry of this Order:

   i.   destroy all copies of such document(s), writing(s), or recording(s);

   ii.  provide written certification to Jagex that Defendants have not retained any copies of any such document(s), writing(s), or recording(s);

   iii. provide written certification to Jagex that Defendants have not provided any copies of such document(s), writing(s), or recording(s) to any other party; and

   iv.  provide written certification to Jagex that Defendants have not provided any copies of their source code to any third parties, other than the copy provided to Jagex's attorneys during the course of this litigation.

10.  Within 10 days of the entry of this Order, Defendants shall deliver to Jagex an executed copy of the public apology as set forth in Exhibit A and shall post the executed public apology on each and every one of Defendants' websites—in lieu of all content currently thereon—including, but not limited to, http://www.rscheata.net, http://www.impsoft.net, and http://www.oembots.com. This Order shall not limit any rights Jagex has to distribute or further disseminate the public apology.

11.  Within 10 days of the entry of this Order, Defendants shall identify and provide all contact information in their possession to Jagex for all current or past resellers, script developers, code developers, and customers for any product marketed, licensed, or sold by Defendants dealing with any Jagex Game.

12. Within 10 days of the entry date of this Order, Defendants shall make a First Payment to Jagex to compensate it for its damages and attorneys' fees. By no later than December 31, 2012, Defendants shall make a Second Payment to Jagex in further compensation for its damages and attorneys' fees. The amounts of the First Payment and the Second Payment are set forth in Exhibit B to this Stipulated Permanent Injunction, Consent Judgment, and Dismissal with Prejudice which will be filed under seal if permission is given by the Court in a concurrently filed Motion to Seal Exhibit.

13. Defendants' Second Payment to Jagex shall be secured by a lien on Defendants' home located at 3012 Bellwind Circle, Rockledge, Florida 32955. The lien shall be for 200% of the amount of the Second Payment in order to cover any attorneys' fees or costs incurred by Jagex in the event that it needs to execute on the lien due to non-payment by Defendants.

14. Defendants shall bear their own fees and costs to prepare the security instrument and provide the proposed security instrument to Jagex for its approval within 10 days of the date of this Order. Defendants shall bear their own fees and costs to record the security instrument after approval by Jagex. After Defendants make the Second Payment to Jagex, Defendants shall provide to Jagex a proposed satisfaction of lien, which Jagex will execute and Defendants may then file to remove the lien from the home.

15. Any failure by Defendants to comply with this Order will cause Jagex to incur substantial economic damages and losses of types and in amounts that are impossible to compute and ascertain with certainty as a basis for recovery by Jagex of its actual

damages, attorneys' fees, and costs. Consequently, liquidated damages represent a fair, reasonable and appropriate estimate thereof. Accordingly, in lieu of actual damages for any such breach, this Court orders and Defendants agree that liquidated damages may be assessed and recovered by Jagex against Defendants, in the event of breach and without Jagex being required to present any evidence of the amount or character of actual damages, attorneys' fees, or costs sustained by reason thereof; therefore Defendants shall be liable to Jagex for payment of liquidated damages in the amount of $1,000,000 (U.S.). Such liquidated damages are intended to represent estimated actual damages, attorneys' fees, and costs, and are not intended as a penalty, and Defendants shall pay them to Jagex in the event of a breach of this Order in addition to any other relief the Court deems just and proper.

16. The precise payment amounts recited in Exhibit B of this Order shall be treated by Jagex and Defendants as Confidential under the Protective Order in this case and shall not be disclosed publicly. However, Jagex shall be free to represent generically to the public that the amount this Order required Defendants to pay Jagex for its damages and attorneys' fees was in excess of "six figures." There is no restriction on Jagex's disclosure of any other portion of this Order. Other than this prohibition regarding Exhibit B, nothing contained herein shall restrict or otherwise limit anything Jagex may state or disclose regarding this litigation, this Order, or Defendants.

17. This Order shall be binding upon and shall inure to the benefit of Jagex and Defendants as well as each of their respective subsidiaries, corporate parents, affiliates, and/or successors and assigns.

18. All claims between Jagex and Defendants that were raised in this case are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees except as noted above.

19. Jagex and its attorneys, except for the obligations created in this Order, hereby unconditionally release the Defendants and their attorneys from any and all present claims, actions, demands, losses, damages, liabilities, and causes of action of every nature and description, known or unknown, asserted in, arising out of, or connected with the subject matter of this case, or that could have been asserted in connection with this case, which Jagex or its attorneys ever had, may have had or now has against Defendants and their attorneys.

20. Defendants and their attorneys, except for the obligations created in this Order, hereby unconditionally release Jagex, their employees, agents, contractors and subcontractors, representatives and attorneys from any and all present claims, actions, demands, losses, damages, liabilities, and causes of action of every nature and description, known or unknown, asserted in, arising out of, or connected with the subject matter of this case, or that could have been asserted in connection with this case, which Defendants and their attorneys ever had, may have had or now has against Jagex, their employees, agents, contractors and subcontractors, representatives and attorneys.

21. The Court shall retain jurisdiction over Jagex and Defendants to the extent necessary to enforce the terms of this Order.

22. Defendants stipulate and agree that all payments, damages, attorneys' fees, and costs provided herein including, but not limited to, those recited Paragraphs 12, 13, and 15 of this Order are not dischargeable in bankruptcy under one or more provisions of 11 U.S.C. § 523.

Dated this 17th day of January 2012.

| IMPULSE SOFTWARE, *et al.*<br>By their attorneys,<br><br>/s/ Terry M. Sanks | | JAGEX, LTD.<br>By its attorneys,<br><br>/s/ Erin E.Bryan |
|---|---|---|
| Terry M. Sanks (Florida Bar No. 0154430)<br>Amber N. Davis (Florida Bar No. 0026628)<br>BEUSSE WOLTER SANKS<br>  MORA & MAIRE, P.A.<br>390 North Orange Avenue, Suite 2500<br>Orlando, Florida 32801<br>Telephone: (407) 926-7700<br>Facsimile: (407) 926-7720<br>Lead Counsel to Defendants<br><br>-And-<br><br>Ieuan G. Mahony (BBO #552349)<br>HOLLAND & KNIGHT LLP<br>10 St. James Avenue<br>Boston, MA 02116<br>Telephone: (617) 523-2700<br><br>Local Counsel to Defendants | | Timothy C. Meece<br>V. Bryan Medlock<br>BANNER & WITCOFF, LTD.<br>10 South Wacker Drive, Suite 3000<br>Chicago, IL 60606<br>Tel. (312) 463-5000<br>Fax. (312) 463-5001<br><br>Ross A. Dannenberg<br>Christopher B. Roth<br>BANNER & WITCOFF, LTD.<br>1100 13th Street, NW, Suite 1200<br>Washington, D.C. 20005<br>Telephone: (202) 824-3000<br>Facsimile: (202) 824-3001<br><br>Peter McDermott (BBO No. 330760)<br>Erin E. Bryan (BBO No. 675955)<br>BANNER & WITCOFF, LTD.<br>28 State Street, Suite 1800<br>Boston, MA 02109-1705<br>Telephone: (617) 720-9600<br>Facsimile: (617) 720-9601<br><br>Counsel for Plaintiff |

**Agreed:**

January 18, 2012              _____
                              Mark Gerhard
                              Chief Executive Officer
                              Jagex Limited


January 17, 2012              _____
                              Mark Snellman
                              (individually and on behalf of Impulse Software)


January 17, 2012              _____
                              Eric Snellman
                              (individually and on behalf of Impulse Software)


**So Ordered:**


_____              _____
     Date                     United States District Court Judge